## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| PREMIUM PROTEIN PRODUCTS, L.L.C., | ) | Case No. BK  09-43291 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

### INTERIM ORDER UNDER 11 U.S.C. §§ 105(a), 361, 363, AND 364 AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING DEBTOR TO INCUR POST-PETITION SECURED INDEBTEDNESS, (II) GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS, (III) APPROVING USE OF CASH COLLATERAL, AND (IV) SCHEDULING FINAL HEARING

This matter came before the Court on November 10, 2009, upon the motion ("Motion")[1] of Premium Protein Products, L.L.C. ("Debtor"), as Debtor and Debtor-in-possession in the above-captioned chapter 11 case ("Chapter 11 Case"), and Wisconsin Community Bank, Heartland Business Bank Branch, pursuant to 11 U.S.C. §§ 363, 364, Fed. R. Bank. P. ("Rule") 4001, 6003, for an order authorizing Debtor to obtain post-petition financing, to use cash collateral, and to provide adequate protection.  Appearances of counsel were as noted in the Record.  Debtor requests:

(a) authorization to obtain up to $300,000[2] in principal amount of post-petition financing ("DIP Loan") and on the terms and conditions set forth in this Order, the Debtor-in-Possession Loan and Security Agreement, dated as of November 10, 2009 (as amended, supplemented or otherwise modified, the "Agreement") between Debtor, as borrower, and Wisconsin Community Bank,

---

[1]  Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion or the Agreement, as applicable, unless the context requires otherwise.

[2]  While this amount exceeds the expenses projected in Debtor's Budget and amounts anticipated to be advance pursuant to the Agreement and this Order, this amount will permit additional advances by Lender, in Lender's sole discretion, for amounts and necessary expenditures not included in the Budget that otherwise become necessary to preserve the value of Debtor's assets.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Heartland Business Bank Branch ("Lender"), and all agreements, documents and instruments delivered in connection with the Agreement (collectively, the "Loan Documents");

(b) authorization to execute and deliver the Agreement and the Loan Documents and to perform such other and further acts as may be necessary or appropriate in connection therewith;

(c) authorization to grant the Lender liens on and security interests in all of Debtor's assets as provided in the Loan Documents and to grant the Lender superpriority administrative expense claims;

(d) authorization to use Cash Collateral (within the meaning of section 363(a) of the Bankruptcy Code) and to provide adequate protection, as more fully described below, to: (i) the Lender, in respect of the WisBank Notes (including Intrust Bank, N.A. ("Intrust")), in respect of the Intrust Participation and (ii) MP D Cayman L.P. and MP PPP Cayman L.P. (collectively, the "Junior Lenders") in respect of the Junior Debt.  The WisBank Notes and the Junior Debt are hereinafter referred to as the "Prepetition Indebtedness" and the Lender, and the Junior Lenders are hereinafter referred to collectively as the "Secured Lenders";

(e) to schedule, pursuant to Bankruptcy Rule 4001, an interim hearing ("Interim Hearing") on the Motion to be held before this Court to consider entry of the proposed interim order (this "Order") authorizing the Borrowers to borrow under this Order and the Agreement in an aggregate amount up to $300,000.00; and

(f) to schedule, pursuant to Bankruptcy Rule 4001, a final hearing (the "Final Hearing") for this Court to consider entry of a final order (the "Final Order") authorizing, on a final basis, the DIP Loan and all relief requested in the Motion.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Upon the record presented at the Interim Hearing and after due deliberation, for good and sufficient cause,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED THAT:**[3]

1. <u>Disposition</u>.  The Motion is granted on an interim basis on the terms set forth in this Order.  Any objections to the interim relief sought in the Motion that have not previously been resolved or withdrawn, including any reservations of rights therein, are hereby overruled on their merits.  This Order shall be valid, binding on all parties-in-interest, and fully effective immediately upon entry.  The term of this Order and the Loan Documents authorized hereunder shall expire, and the loans made pursuant to this Order, the Agreement, and the Loan Documents will mature and, together with all interest thereon and any other obligations accruing under the Agreement, will become due and payable (unless such loans and other obligations become due and payable earlier pursuant to the terms of the Loan Documents and this Order by way of acceleration or otherwise) thirty (30) days from the date the Motion was filed if the Final Order has not been entered by the Court prior to such date.

2. <u>Jurisdiction; Venue</u>.  The Court has jurisdiction over the Chapter 11 Cases, the parties, and Debtor's property pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue of the Chapter 11 Cases and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3]      Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

3.    <u>Notice</u>.   Notice of the Motion, the relief requested and the Interim Hearing was served on (i) the twenty largest unsecured creditors, (ii) counsel to the Lender, (iii) any parties that have filed a notice of appearance pursuant to Bankruptcy Rule 2002, (iv) all known lien holders in Debtor's assets, and (v) the United States Trustee for the District of Nebraska.   Under the circumstances, the notice given by Debtor of the Motion, the relief requested and the Interim Hearing constitutes due and sufficient notice, and no further notice of the relief sought at the Interim Hearing and the relief granted by this Order is necessary or required.

4.    <u>Purpose and Necessity of Financing and Use of Cash Collateral</u>.   Debtor requires the interim financing described in the Motion to fund, among other things, Debtor's cash requirements for working capital and general corporate needs consistent with the Budget and as set forth in the Loan Documents that are necessary to preserve and protect the value of Debtor's existing business assets, further enhance Debtor's prospects for a successful sale or sales of all or substantially all of its assets and for other purposes permitted by the Loan Documents.   Debtor is unable to obtain adequate unsecured credit allowable under § 503 of the Bankruptcy Code as an administrative expense or other financing under § 364(c) or (d) of the Bankruptcy Code on equal or more favorable terms than those set forth in the Agreement and the Loan Documents within the time frame required by its need to avoid immediate and irreparable harm.   Debtor is unable to obtain financing on a post-petition basis without Debtor granting the Superpriority Claims (as defined below) and the DIP Liens (as defined below).

5.    <u>Good Cause</u>.   Debtor's ability to obtain sufficient working capital and liquidity under the Loan Documents is vital to Debtor' estate and its creditors in order to preserve and protect the value of Debtor's assets pending a sale or sales of all or substantially all of such assets.   Debtor's estates

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

will be immediately and irreparably harmed if this Order is not entered.  Consummation of the DIP

Loan in accordance with this Order and the Agreement and the Loan Documents is in the best

interest of Debtor's estate.  Good cause thus has been shown for the interim relief sought in the

Motion.

6.  <u>Good Faith; Fair Consideration and Reasonably Equivalent Value</u>.  The terms of the

Loan Documents, including the interest rates and fees applicable thereto and intangible factors, are

more favorable to Debtor than those available from alternative sources.  Based upon the record

before the Court, the Loan Documents have been negotiated in good faith and at arm's-length

between Debtor and the Lender.  Any DIP Loans and other financial accommodations made to

Debtor by the Lender pursuant to this Order and the Agreement or other Loan Documents shall be

deemed to have been extended by the Lender in good faith, as that term is used in § 364(e) of the

Bankruptcy Code, and the Lender shall be entitled to all protections afforded thereby.  The terms of

the loan facility provided under the Loan Documents are fair and reasonable, reflect Debtor's

exercise of prudent business judgment consistent with fiduciary duties, and are supported by

reasonably equivalent value and fair consideration.

7.  <u>Immediate Entry of Order</u>.  Debtor has requested immediate entry of this Order pursuant

to Bankruptcy Rule 4001(b)(2) and (c)(2).  The permission granted herein to enter into the Loan

Documents and to obtain funds thereunder is necessary to avoid immediate and irreparable harm to

Debtor.  This Court concludes that entry of this Order is in the best interests of Debtor's estate and

creditors as its implementation will, among other things, allow for immediate access to the

financing necessary to avoid irreparable harm and to preserve and protect the value of Debtor's

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

existing business assets and further enhance Debtor's prospects for a successful sale or sales of all or substantially all of their assets.

8. <u>Authorization to Use Cash Collateral</u>.   Prior to the entry of the Final Order, all Collections shall be retained by Debtor and used in accordance with the Budget.   From and after entry of the Final Order, and subject to the terms thereof, Debtor shall be authorized to use Cash Collateral in which any party may have an interest, in accordance with the terms, conditions, and limitations set forth in the budget annexed hereto as <u>Exhibit A</u> and otherwise pursuant and subject to the terms and conditions of the Agreement and the Final Order.   To the extent that any such party does not consent to the use of Cash Collateral, the interests of such party are hereby deemed adequately protected.

9. <u>Interim Borrowing</u>.   Subject to the terms and conditions of this Order and the Loan Documents, including without limitation, the covenants and Budget as specified in the Loan Documents, the Lender may make loans and advances to Debtor in accordance with the Budget and the Agreement.   Debtor may borrow up to an aggregate amount of $300,000.00 under the terms of the Agreement pending entry of the Final Order.   Notwithstanding anything in this Order to the contrary, Debtor shall use the proceeds of the DIP Loan solely in accordance with the covenants, formulae, Budget and other terms and conditions set forth in the Loan Documents and this Order. Lender shall not have any obligation with respect to the proceeds of the DIP Loan, nor shall it be obligated to ensure or monitor Debtor's compliance with any such covenants, formulae, Budget or other terms and conditions or be obligated to pay any expenses incurred or authorized to be incurred pursuant to the Loan Documents.   The Lender's consent to any Budget shall not be construed as a commitment to continue to provide the DIP Loan after the occurrence of an Event of Default (as

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

defined in the Loan Documents) or beyond the Termination Date, regardless of whether the aggregate funds described in the Budget have been expended. For purposes of this Order, however, Debtor shall not be deemed to be in default for any deviation from the Budget provided such deviation is within the permitted Budget variances set forth in the Agreement.

10. Superpriority Claim and DIP Liens.

(a)      Except as provided in this Order, the Lender is hereby granted, and all of the obligations of Debtor under the Agreement and the Loan Documents (collectively, the "DIP Obligations") shall and hereby do constitute, to the extent of Cash Collateral used and Obligations incurred, allowed superpriority administrative expense claims against Debtor (the "Superpriority Claims") pursuant to § 364(c)(1) of the Bankruptcy Code, having priority over any and all administrative expense claims, adequate protection claims and all other claims against Debtor, now existing or hereafter arising, of any kind whatsoever, including without limitation, all claims arising under §§ 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113 or 1114 and any other provision of the Bankruptcy Code or otherwise, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment. The Superpriority Claims shall be payable from and have recourse to all prepetition and post-petition property of Debtor and all proceeds thereof. No other superpriority claims shall be granted or allowed in the Chapter 11 Cases;

(b) As security for the DIP Obligations, in accordance with the terms of the Loan Documents and this Order, the Lender is hereby granted the following security interests in and liens on all of Debtor's property, assets, or interests in property or assets of any kind or nature whatsoever, real or personal, now existing or hereafter acquired or created, including, without

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

limitation, all property of Debtor's "estates" (within the meaning of the Bankruptcy Code),

inventory, accounts receivable, other rights to payment whether arising before or after the Petition

Date, contracts, properties, plants, equipment, general intangibles, documents, instruments, interests

in leaseholds, real properties, patents, copyrights, trademarks, trade names, other intellectual

property, capital stock of subsidiaries, trademarks, trade names, all deposit accounts, all cash

maintained in deposit and other accounts, all commercial tort claims, all causes of action, all cash

and non-cash proceeds, rents, products and profits of any of the foregoing (all of the foregoing,

collectively, the "Collateral"), under §364(d) of the Bankruptcy Code, valid, enforceable and

perfected first priority priming security interest in and liens on all of the Collateral for all amounts

advanced by the Lender under the Agreement, subject to any Not Primed Interests (as defined in the

Agreement), under §364(c)(2) of the Bankruptcy Code, valid, enforceable and perfected first-

priority security interests in and liens on all of the Collateral that, as of the Petition Date, is not

subject to any valid, enforceable, perfected, and unavoidable liens or is not subject to valid,

enforceable and unavoidable liens perfected subsequent to the Petition Date as permitted by §546(b)

of the Bankruptcy Code (all such liens and security interests granted to the Lender pursuant to this

Order and the Loan Documents, the "DIP Liens");

(c) The DIP Liens shall be effective automatically and immediately upon the entry of this

Order, and no lien or security interest granted to the Lender under this Order or the Loan

Documents, as approved by this Order, shall (i) be subject to any lien or security interest that is

avoided and preserved for the benefit of Debtor's estate under §551 of the Bankruptcy Code, or (ii)

hereafter be subordinated to or made *pari passu* with any other lien or security interest created

and/or perfected pursuant to §364(c) of the Bankruptcy Code or otherwise.  The DIP Liens arising

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

hereunder shall be and hereby are fully perfected security interests, such that no additional steps

need be taken by the Lender to perfect such interests.  Any provision of any lease or other license,

contract or other agreement that requires, (i) the consent or approval of one or more landlords or

other parties, or (ii) the payment of any fees or obligations to any governmental entity, in order for

any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest or the

proceeds thereof or other Collateral related thereto shall have no force and effect with respect to the

transactions granting the Lender a priority security interest in such leasehold interest, license,

contract or agreement, or the proceeds of any assignment and/or sale thereof by any Debtor in favor

of the Lender in accordance with the terms of the Agreement;

(d) The DIP Liens and Superpriority Claims and other rights and remedies granted to the

Lender under this Order shall continue in the Chapter 11 Cases and in any superseding case or cases

for Debtor under any chapter of the Bankruptcy Code, and such liens, security interests and claims

shall maintain their priority as provided in this Order, until all the DIP Obligations have been

indefeasibly paid in full in cash and the Lender's commitments have been terminated in accordance

with the Loan Documents.

11. <u>Secured Position</u>.  In connection with the post-petition financing under the DIP Loan:

(a) Debtor has obtained all authorizations, consents and approvals required to be obtained

from, and have made all filings with and given all notices required to be made or given to, all

federal, state and local governmental agencies, authorities and instrumentalities in connection with

the execution, delivery, performance, validity and enforceability of the Loan Documents to which

Debtor is a party;

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

(b) as consideration for entry into the Loan Documents and the consent to use Cash Collateral, the Debtor acknowledges: (i) that as of October 31, 2009, (a) the amount due and owing under the WisBank Notes is, in the aggregate of principal and interest, approximately $5,498,232.04, plus *per diem* interest accruing thereafter at a rate of $1,338.20 per day, which amount is exclusive of costs and attorney's fees to which Lender may also be entitled under the Prepetition Loan Documents (as defined below in ¶17), without offset, defense or counterclaim (the "WisBank Obligations"); and (B) the amount due and owing under the Junior Debt is, in the aggregate of principal and interest, approximately $32,289,500.00, plus *per diem* interest accruing thereafter at a rate of $8,750.00 per day, which amount is exclusive of costs and attorney's fees to which the Junior Lenders may also be entitled under the Prepetition Loan Documents, without offset, defense or counterclaim (the "Junior Debt Obligations", together with the WisBank Obligations, collectively, the "Prepetition Obligations")[4]; (ii) the Prepetition Obligations are secured by the WisBank Security Interest and the Junior Lender Security Interest, respectively, which consists of unavoidable perfected liens in the Prepetition Collateral (as defined below in ¶17), subject to the priorities set forth in the Prepetition Loan Documents; (iii) that the Prepetition Obligations are (1) legal, valid, binding and enforceable against Debtor and (2) are not subject to any contest, attack, objection , recoupment, defense, counterclaim, offset, subordination, re-characterization, avoidance or other claim, cause of action or other challenge of any nature under

---

[4] PPP Holdings, Premium, Lender and Junior Lender are party to a Co-Borrower Assumption Agreement dated November 17, 2006, whereby PPP Holdings became a co-borrower under the Credit Agreement between Premium and Lender including the Senior Debt.  In order to secure its obligations under the Credit Agreement, including the Senior Debt, PPP Holdings granted Lender a security substantially all PPP Holdings' assets.  In addition, PPP Holdings pledged substantially all its assets to Junior Lenders to further secure Premium's obligations under the Subordinated Loan Agreement, including the Junior Debt.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

the Bankruptcy Code, under applicable non-bankruptcy law or otherwise (except for the lien and payment subordinations set forth in the Prepetition Loan Documents); (iv) that Debtor does not have, and hereby forever release, and are forever barred from bringing any claims, counterclaims, causes of action, defenses or setoff rights relating to the Prepetition Obligations, whether arising under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise, against any of the Secured Lenders and their respective affiliates, subsidiaries, agents, officers, directors, employees and attorneys; and (v) that the liens and security interests, including the WisBank Security Interest and the Junior Lender Security Interest, granted in favor of the Lender and the Junior Lenders, respectively, for their respective Prepetition Obligations under the Prepetition Loan Documents on the Prepetition Collateral are legal, valid, enforceable, non-avoidable, and duly perfected and are not subject to avoidance, attack, offset, re-characterization or subordination under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise (except for the lien and payment subordinations set forth in the Prepetition Loan Documents), and, as of the Petition Date, and without giving effect to this Order, the Debtor is not aware of any liens or security interests having priority over the WiskBank Security Interest and the Junior Security Interest, other than the Hastings Security Interest, which is subject to one or more subordination and intercreditor agreements.  The WisBank Security Interest and the Junior Security Interest were granted to the Lender and the Junior Lenders, respectively, for fair consideration and reasonably equivalent value, and were granted contemporaneously with the making of the loans and/or commitment secured thereby, and are secured by unavoidable perfected liens in the Prepetition Collateral.

(c) as consideration for entry into the Loan Documents, until such time as all DIP Obligations are indefeasibly paid in full in cash and the total commitment is terminated in

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

accordance with the Agreement, Debtor shall not in any way prime or seek to prime (or otherwise

cause to be subordinated in any way) the DIP Liens provided to the Lender under this Order, the

Final Order or the Loan Documents by offering a subsequent lender or a party-in-interest a superior

or *pari passu* lien or security interest pursuant to §364(d) of the Bankruptcy Code or otherwise,

other than any additional liens granted the Lender in the Final Order as may be contemplated in the

Agreement and the Motion;

(d) as consideration for entry into the Loan Documents, until such time as all DIP

Obligations are indefeasibly paid in full in cash and the total commitment thereunder is terminated

in accordance with the Agreement, Debtor shall not in any way or at any time, permit to exist an

administrative expense claim against any of Debtor of any kind or nature whatsoever, including

without limitation any administrative expenses of the kind specified in, or arising or ordered under,

§§ 105, 326, 328, 503(b), 506(c), 507(a), 507(b), 546(c) 726, 1113 and 1114 of the Bankruptcy

Code having priority equal or superior to the priority of the Superpriority Claims as provided

herein.

12. <u>Recording and Filing Fees</u>.  All fees and costs and/or expenses payable by Debtor in

connection with the recording, filing and insuring of financing statements, mortgages and financing

statements to confirm the perfection of the security interests granted or authorized by this Order are

hereby approved and shall be promptly paid in full by Debtor without the necessity of Debtor or the

Lender filing any further application with the Court for approval or payment of such fees, costs

and/or expenses.

13. <u>Authority to Execute and Deliver Necessary Documents</u>.  Debtor is hereby authorized

and empowered to enter into and deliver the Agreement in the form annexed hereto and the other

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Loan Documents, including, but not limited to, UCC financing statements and mortgages or deeds of trust as necessary or appropriate and securing all of Debtor's obligations under the Agreement. Debtor is hereby further authorized, empowered and directed, (a) to perform all of its obligations under the Loan Documents and such other agreements as may be required by the Loan Documents to give effect to the terms of the financing provided for in the Loan Documents as approved by this Order, (b) to perform all acts required under the Loan Documents and this Order, including, without limitation, the payment of all principal, interest, charges, fees, and the reimbursement of present and future reasonable costs and expenses (including without limitation, reasonable attorneys' fees and legal expenses) paid or incurred by the Lender as provided for in this Order, the Agreement, and the other Loan Documents, all of which unpaid principal, interest, charges, fees, reasonable attorneys' fees and the reimbursement of present and future reasonable costs and expenses shall be included and constitute part of the principal amount of the DIP Obligations, be deemed a Superpriority Claim having the same priority as all other DIP Obligations hereunder and be secured by valid and perfected liens on and security interests in all of the Collateral as and to the extent provided for in this Order, the Agreement, and the other Loan Documents, subject and subordinate in priority of payment only to the Permitted Priority Liens, and (c) to do and perform all other acts, to make, execute and deliver all other instruments, agreements and documents, which may be required or necessary for Debtor to perform all of their obligations under this Order and the Loan Documents, without further order of the Court and pending the Final Hearing.  The DIP Obligations shall constitute valid and binding obligations of Debtor enforceable against them, and their successors and assigns, in accordance with their terms and the terms of this Order.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

14.  Amendments.  Debtor and Lender may enter into any amendments or modifications to the Agreement and the other Loan Documents without the need of further notice and hearing or order of this Court, in such form as Debtor and the Lender may agree; provided, however, that notice of any modification or amendments shall be provided to any Committee, the U.S. Trustee and any party requesting notice pursuant to Bankruptcy Rule 2002(i), each of which shall have five (5) days from the date of such notice to object in writing.  If any such party files a timely objection, then any modification or amendment shall be permitted only pursuant to an order of the Court (or upon the withdrawal of the objection).

15.  Limitations on Use.  Neither Cash Collateral nor proceeds of any of the DIP Loans shall be used to request (i) the use of Cash Collateral without the Lender' prior written consent, or (ii) authorization to obtain post-petition loans or other financial accommodations pursuant to § 364(c) or (d) of the Bankruptcy Code, or otherwise, other than from the Lender.

(a) Neither Cash Collateral nor proceeds of any of the DIP Loans shall be used for the payment or reimbursement of any fees or disbursements of Debtor, any Committees or any trustee appointed in these Chapter 11 Cases incurred in connection with the assertion and prosecution of, or joinder in, any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter (i) asserting claims pursuant to §§ 542, 544, 545, 547, 548, 549, 550, 551, 553(b) or 724(a) of the Bankruptcy Code or other causes of action (whether arising under state law, the Bankruptcy Code or other federal law) against the Secured Lenders with respect to the validity and extent of the DIP Obligations or the Prepetition Obligations, as applicable, or the validity, extent and priority of liens and security interests securing the DIP Obligations or the Prepetition Obligations, as applicable, (ii) invalidating, setting aside, avoiding or subordinating, in whole or in

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

part, the Secured Lenders' liens on and security interests in the Collateral or Prepetition Collateral, as applicable, (iii) preventing, hindering or delaying (whether, directly or indirectly) in any manner the Secured Lenders in respect of their respective liens and security interests in the Collateral or Prepetition Collateral, as applicable; or (iv) seeking to modify any of the rights granted to the Secured Lenders under this Order or the Loan Documents.

16. <u>Limitation on Surcharge</u>.  Subject to entry of the Final Order, no costs or expenses of administration or other surcharge, lien, assessment or claim incurred on or after the Petition Date of any person or entity shall be imposed against any of the Collateral, the Prepetition Collateral and the Secured Lender, as applicable, nor shall the Collateral, the Prepetition Collateral or Secured Lenders be subject to surcharge by any party-in-interest for any amounts arising or accruing after the Petition Date pursuant to §§ 363, 364, 506(c), 510, 552(b) or 105(a) of the Bankruptcy Code or similar principle of law in this Chapter 11 case or any subsequent Chapter 7 case including expenses of administration or liquidation.  No action, inaction, or acquiescence by the Secured Lenders in these cases, including the Lender's funding of Debtor under this Order or the Final Order, or the Loan Documents, shall be deemed to be or shall be considered as evidence of any alleged consent by the Lender to a charge against the Prepetition Collateral, the Collateral or Secured Lenders pursuant to §§ 363, 364, 506(c), 510, 552(b) or 105(a) of the Bankruptcy Code in this Chapter 11 case or any subsequent Chapter 7 case.  Secured Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral or the Prepetition Collateral.

17. <u>Adequate Protection</u>.  In connection with the Prepetition Obligations, Debtor granted the Secured Lenders, respectively mortgages, liens and security interests in all the assets owned by

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Debtor prepetition ("Prepetition Collateral"), as more fully described in Debtor's prepetition loans, credit agreements, security agreements, subordination documents, and any other documents related to the Prepetition Obligations ("Prepetition Loan Documents"). The Secured Lenders are entitled, pursuant to §§ 105, 361, 363 and 364 of the Bankruptcy Code, to adequate protection of its interests in the Prepetition Collateral in an amount equal to any diminution in value of the Prepetition Collateral. As adequate protection, the Secured Lenders are hereby granted the following:

(a) <u>Adequate Protection Liens</u>. The Secured Lenders are hereby granted (effective and perfected upon the date of this Order and without the necessity of the execution by Debtor of security agreements, pledge agreements, mortgages, financing statements or other agreements) a valid, perfected replacement security interest in and lien on all of the Collateral ("Adequate Protection Liens") subject to the priorities set forth in the Prepetition Loan Documents and subordinate only to the DIP Liens;

(b) <u>Adequate Protection Superpriority Claims</u>. Solely to the extent that the Adequate Protection Liens have failed to provide adequate protection, and in such event solely to the extent of any diminution in value of the Prepetition Collateral not adequately protected by such Adequate Protection Liens, the Secured Lenders shall have allowed superpriority administrative expense claims, respectively, and subject to the order of priorities set forth in the Prepetition Loan Documents, as provided for in section 507(b) of the Bankruptcy Code (respectively to each Secured Lender, the "Adequate Protection Superpriority Claim"), immediately junior to the Superpriority Claims and payable from having recourse to all Collateral; provided that (i) the Secured Lenders shall not receive or retain any payments, property or other amounts in respect of their respective Adequate Protection Superpriority Claim unless and until the DIP Obligations have indefeasibly

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

been paid in cash in full and the Lender's obligation to make the DIP Loan has been terminated under the Agreement and (ii) the respective Adequate Protection Superpriority Claim granted to the Secured Lenders may be impaired pursuant to a plan of reorganization filed by Debtor with the vote of the applicable class of holders of such claims that satisfies the requirements of §1126 of the Bankruptcy Code;

(c) Paydowns of Prepetition Obligations.  As additional adequate protection, the Debtor shall pay to the Secured Lenders all proceeds of all Prepetition Collateral, which amounts shall be applied to the Prepetition Obligations as provided by the Prepetition Loan Documents, including in accordance with the priorities set forth therein;

(d) Reservation of Rights to Seek Additional Adequate Protection.  The grant of adequate protection to the Secured Lenders are without prejudice to the right of each Secured Lender to seek modification of the grant of adequate protection provided by this Order so as to provide different or additional adequate protection; provided, however, that any such additional or modified adequate protection shall at all times be subordinate and junior to the DIP Liens granted to Lender under this Order and the Loan Documents;

18. Additional Perfection Measures.  (a)  The liens, security interests, and priorities granted to the Secured Lenders pursuant to this Order and the Loan Documents, as applicable, with respect to property of Debtor's estates shall be perfected by operation of law immediately upon entry of this Order by the Court;

(b) Neither Debtor nor the Secured Lenders shall be required to enter into or to obtain landlord waivers, mortgagee waivers, bailee waivers or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

instruments in any jurisdiction (including, trademark, copyright, trade name or patent assignment filings with the United States Patent and Trademark Office, Copyright Office, or any similar agency with respect to intellectual property), or obtain consents from any licensor or similarly situated party-in-interest, or take any other action in order to validate and to perfect the security interests, DIP Liens or Adequate Protection Liens, as applicable, granted pursuant to this Order.;

(c) If any Secured Lender, in its sole discretion, chooses to obtain consents from any licensor or similarly situated party-in-interest, to file financing statements, notices of lien or similar instruments, to record financing statements, mortgages or deeds of trust, or to otherwise confirm perfection of such security interests and liens:   (i) such Secured Lender is authorized and empowered to file or record financing statements, mortgages, deeds of trust or similar instruments which secure the DIP Obligations or the Adequate Protection Liens, as applicable; (ii) all such documents shall be deemed to have been recorded and filed as of the time and on the date of entry of this Order; and (iii) no defect in any such act shall affect or impair the validity, perfection and enforceability of the liens granted hereunder;

(d) In lieu of obtaining such consents or filing such financing statements, notices of lien or similar instruments, the Secured Lenders may, in its discretion, choose to file a true and complete copy of this Order in any place at which any such instruments would or could be filed, together with a description of Collateral located within the geographic area covered by such place of filing, and such filing shall have the same effect as if such financing statements, notices of lien or similar instruments had been filed or recorded at the time and on the date of entry of this Order;

OMA-296392-6                                18 of 27

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

(e) Federal, state and local governmental agencies, authorities and instrumentalities that have jurisdiction over the Collateral are hereby directed to accept for filing a certified copy of this Order or an acknowledgement of this Order;

(f) The Secured Lenders may deliver a copy of this Order to any third parties having possession of control of Collateral.

19. Application of Collateral Proceeds.  Except as required by paragraph 17(b) of this Order or as may be otherwise permitted under the Loan Documents, Debtor is hereby authorized and directed, whether or not an Event of Default or a Default by any Debtor of any of the DIP Obligations has under the Loan Documents (as approved by this Order) has occurred, to remit to the Lender one hundred percent (100%) of all collections on, and proceeds of, the Collateral, including all accounts receivable collections, proceeds of sales of inventory, fixed assets and any other assets, including sales in and outside the ordinary course of business, and all other cash or cash equivalents which shall at any time on or after the Petition Date come into the possession or control of Debtor, or to which Debtor shall become entitled at any time (collectively, the "Collections"), until the DIP Obligations are paid in full.  The automatic stay provisions of §362 of the Bankruptcy Code are hereby modified to permit the Lender to collect, retain and apply all existing Cash Collateral and collections, remittances and proceeds of Collateral to the DIP Obligations, in accordance with this Order and the Loan Documents, until the DIP Obligations are paid in full.

20. Access to Information.  Without limiting the rights of access and information afforded the Lender under the Agreement and other Loan Documents, Debtor shall permit representatives, agents and/or employees of each of the Secured Lenders to have reasonable access to their premises and their records during normal business hours (without unreasonable interference with the proper

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

operation of Debtor's businesses) and shall cooperate, consult with, and provide to such persons all

such non-privileged information as they may reasonably request.

21. <u>Remedies</u>.  Immediately upon the occurrence of an Event of Default (as defined in the

Agreement), the Lender may, upon giving written notice to Debtor (with a copy to counsel for any

Committee, the other Secured Lender and the United States Trustee), file a motion seeking to

exercise any right or remedy under the Loan Document or applicable law.  In no event shall the

Lender be subject to the equitable doctrine of marshaling or any similar doctrine with respect to the

Collateral.  The Lender's delay or failure to exercise rights and remedies under the Loan Documents

or this Order shall not constitute a waiver of Lender's rights, unless any waiver is made pursuant to

a written instrument executed in accordance with the terms of the Agreement.

22. <u>Termination of Authorization to Use Cash Collateral</u>.  Upon the occurrence and during

the continuance of an Event of Default under the Loan Documents or of this Order, the Lender shall

have no further obligation to provide financing under the Loan Documents or Agreement as

approved by this Order, and the authorization to use Cash Collateral under the terms of this Order

shall automatically terminate; <u>provided</u>, <u>however</u>, that if Debtor's rights to use Cash Collateral have

been terminated pursuant to the provisions of this Order, such rights may be extended only upon

(i) consent of the Lender, (ii) the DIP Obligations having been otherwise paid in full, or (iii) further

Order of this Court entered upon and after appropriate notice and opportunity for a hearing being

provided to the Lender.  The Lender shall have no obligation to agree to such an extension under

any circumstances and may elect or not elect to agree to such an extension as they determine in their

sole and absolute discretion.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

23.   <u>Lender' Credit Bid Rights</u>.   The Sales Procedures Motion and the Sales Procedures Order shall provide that the Secured Lenders shall be permitted to credit bid, at the sale of the Debtor' assets, up to the amount of all outstanding DIP Obligations and/or such Secured Lender's respective outstanding Prepetition Obligations, as applicable.   The Sales Procedures Motion and the Sales Procedures Order shall make adequate provision for the treatment of any permitted priority liens and the costs of any sale authorized thereunder.

24.   <u>No Responsible Person/Fiduciary and Limits on Lender' Liability</u>.   In making the decision to make DIP Loans, administering the DIP Loans, and extending other financial accommodations to Debtor under the Agreement or to collect the indebtedness and obligations of Debtor, the Lender (a) shall not owe any fiduciary duty to Debtor, their creditors, shareholders or estates; and (b) shall not be considered to be exercising control over any operations of Debtor or acting in any way as a responsible person, an owner or an operator under any applicable law, including without limitation, any environmental law (including but not limited to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901, *et seq.*, as either may be amended from time to time, or any similar federal or state statute).   Nothing in this Order, the Loan Documents, the Prepetition Loan Documents or any other documents related to this transaction shall in any way be construed or interpreted to impose or allow the imposition of any of the Secured Lenders of any liability for any claims arising from the pre-petition or post-petition activities of Debtor or any of their affiliates in the operation of their businesses or in connection with their restructuring efforts.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

25. <u>Successors and Assigns</u>.  The Loan Documents and the provisions of this Order shall be binding upon the Secured Lenders, as applicable, Debtor and their respective successors and assigns, and shall inure to the benefit of the Secured Lenders, as applicable, and Debtor and their respective successors and assigns including, without limitation, any trustee, responsible officer, examiner with expanded powers, estate administrator or representative, or similar person appointed in a case for Debtor under any chapter of the Bankruptcy Code.

26. <u>No Third Party Beneficiary</u>.  Except with respect to the Secured Lenders, as applicable, their respective delegates, successors and assigns, no rights are created hereunder for the benefit of any third party, any creditor or any direct, indirect or incidental beneficiary.

27. <u>Binding Nature of Agreement</u>.  Each of the Loan Documents to which Debtor is or may become a party shall constitute legal, valid and binding obligations of Debtor, enforceable against Debtor in accordance with their terms.  The Loan Documents have been or will be properly executed and delivered to the Lender by Debtor.  The rights, remedies, powers, privileges, liens and priorities of the Lender provided for in this Order and in any other Loan Documents shall not be modified, altered or impaired in any manner by any subsequent order (including a confirmation order) or by any plan of reorganization or liquidation in these cases or in any subsequent case under the Bankruptcy Code, unless and until the DIP Obligations have first been paid in full in cash and completely satisfied and the Lender's obligation to make the DIP Loan is terminated in accordance with the Agreement.

28. <u>Subsequent Reversal or Modification</u>.  This Order is entered pursuant to §364 of the Bankruptcy Code, granting the Lender all protections afforded by §364(e) of the Bankruptcy Code. If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, that

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

action will not affect (a) the validity of any obligation, indebtedness or liability incurred hereunder by any of Debtor to the Lender prior to the date of receipt by the Lender of written notice of the effective date of such action or (b) the validity and enforceability of any lien or priority authorized or created hereby or pursuant to the Loan Documents.  Notwithstanding any such reversal, stay, modification or vacatur, any post-petition indebtedness, obligation or liability incurred by any of Debtor to the Lender prior to written notice to the Lender of the effective date of such action shall be governed in all respects by the original provisions of this Order, and Lender shall be entitled to all the rights, remedies, privileges and benefits granted herein and in the Loan Documents with respect to all such indebtedness, obligation or liability.

29. No Waivers.   (a)   This Order shall not be construed in any way as a waiver or relinquishment of any rights that the Secured Lenders may have to bring or be heard on any matter brought before this Court;

(b) The rights and obligations of Debtor and the rights, claims, liens, security interests and priorities of the Secured Lenders arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by the Debtor under the Loan Documents or Prepetition Loan Documents, as applicable;

(c) Without limiting the generality of the foregoing subparagraphs, the Secured Lenders may petition this Court for any such additional protection it may reasonably require with respect to the DIP Obligations, the Prepetition Obligations, or otherwise.

30. Sale/Conversion/Dismissal.   (a)   No motion shall be filed by Debtor seeking, and no order shall be entered by the Court providing for, either the sale of the ownership of the stock of any of Debtor or the sale of substantially all of the assets of any of Debtor under §363 of the Bankruptcy

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Code unless, in connection and concurrently with any such event, the proceeds of such sale are or will be sufficient to indefeasibly pay all DIP Obligations, and such DIP Obligations shall be indefeasibly paid in full in cash and completely satisfied and the Lender's obligation to make the DIP Loan is terminated in accordance with the Agreement as part of such action, or the Lender expressly consent in writing to any such transaction or the entry of such an order by the Court or such transaction is expressly permitted in the Loan Documents;

(b) If an order is entered (i) dismissing any of these cases under §§ 305 or 1112 of the Bankruptcy Code or otherwise, (ii) converting these Chapter 11 Cases under §1112 of the Bankruptcy Code or (iii) appointing a Chapter 11 trustee or an examiner with expanded powers, such order shall provide that (x) the liens, security interests and Superpriority Claims and Adequate Protection Superpriority Claims granted to the Lender and the Secured Lenders, respectively, hereunder and in the Loan Documents and the Prepetition Loan Documents, as the case may be, shall continue in full force and effect, shall remain binding on all parties-in-interest and shall maintain their priorities as provided in this Order until all DIP Obligations shall have been indefeasibly paid in full in cash and the Lender's obligation to make the DIP Loan shall have been terminated in accordance with the Agreement, and (y) this Court shall retain jurisdiction to the fullest extent permitted by law, notwithstanding such dismissal, for purposes of enforcing the liens, security interests and Superpriority Claims and the Adequate Protection Superpriority Claims of the Secured Lenders, as the case may be.

31. Injunction.  Except as provided in the Agreement, this Order and the Final Order, Debtor shall be enjoined and prohibited from, at any time during the Chapter 11 Cases, (a) granting liens in the Collateral or any portion thereof to any other parties, pursuant to §364(d) of the Bankruptcy

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

Code or otherwise, which liens are senior to, *pari passu* with or junior to the liens of the Lender, except for liens granted to the Secured Lenders, as applicable in accordance with the Final Order as contemplated by the Agreement and the Motion and/or (b)(i) using the Cash Collateral, and (ii) applying to the Bankruptcy Court for an order authorizing the use of the Cash Collateral or the Collateral, except in accordance with the Agreement and this Order.

32. <u>Survival</u>.  The liens, lien priority, administrative priorities and other rights and remedies with respect to the Debtor granted to the Secured Lenders pursuant to the Agreement, the Bankruptcy Court orders and the other Loan Documents and Prepetition Loan Documents (specifically including, but not limited to, the existence, perfection and priority of the liens and security interests provided herein and therein, and the administrative priority provided herein and therein), as applicable, shall not be modified, altered or impaired in any manner by any other financing or extension of credit or incurrence of indebtedness by any Borrower (pursuant to §364 of the Bankruptcy Code or otherwise), by any dismissal or conversion of any of the Chapter 11 Cases, or by the confirmation of a plan of reorganization in any of the Chapter 11 Cases which does not (i) contain a provision for termination of the Lender's obligations to make the DIP Loan under the Agreement and payment in full in cash of all DIP Obligations of the Debtor hereunder and under the Loan Documents on or before the effective date of such plan or plans upon entry thereof and (ii) provide for the continuation of the liens and security interests granted to the Secured Lenders and the priorities thereof until the earlier of (A) such plan's effective date, and (B) the date the DIP Obligations or the Prepetition Obligations, as the case may be, are paid in full in cash and the Lender's obligation to make the DIP Loan is terminated in accordance with the Agreement, or by any other act or omission whatsoever.

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

33. <u>Priority of Terms</u>.  To the extent of any conflict between or among (a) the express terms or provisions of any of the Loan Documents, the Motion, any other order of this Court, or any other agreements, on the one hand, and (b) the terms and provisions of this Order, on the other hand, unless such term or provision herein is phrased in terms of "as defined in" or "as more fully described in" the Agreement or the Loan Documents, the terms and provisions of this Order shall govern.  Notwithstanding the forgoing or any provision in this Order, the Subordination Agreement made as of June 1, 2007, among Debtor, Secured Lenders, and Emerald Seafood, LLC, remains in full force and effect, and controls in the event of any conflict or inconsistency with any portion of this Order.

34. <u>Plan Treatment</u>.  No plan shall be confirmed in these Chapter 11 Cases that could not have been confirmed but for the provisions of §1129(b)(2)(A) of the Bankruptcy Code, as applied to the secured claims of the Secured Lenders, respectively, unless otherwise agreed, as applicable, by the Secured Lenders.

35. <u>Adequate Notice</u>.  The notice given by Debtor of the Interim Hearing was given in accordance with Bankruptcy Rules 2002 and 4001(c)(2) and the local rules of this Court.  Under the circumstances, no other or further notice of the request for the relief granted at the Interim Hearing is required.  Debtor shall promptly mail copies of this Order and notice of the Final Hearing to all parties entitled to notice.  Any objection to the relief sought at the Final Hearing shall be made in writing setting forth with particularity the grounds thereof, and filed with the Court and served so as to be actually received no later than __*TBD__ days prior to the Final Hearing by the following: counsel to Debtor, Husch Blackwell Sanders LLP, 1620 Dodge Street, Suite 2100, Omaha, NE 68102 (Attn: Robert V. Ginn) and  counsel to the Lender, Lindquist & Vennum PLLP, 4200 IDS Center, 80

\*TBD (TO BE DETERMINED)

IN THE MATTER OF:
PREMIUM PROTEIN PRODUCTS, LLC, Debtor
Case No. BK 09-43291
Order Granting Emergency Motion

South Eighth Street, Minneapolis, Minnesota 55402 (Attn:  James A. Lodoen).   The Court shall

conduct a Final Hearing on the Motion commencing on <u>TO BE DETERMINED</u>.

36.  <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction over all matter pertaining

to the implementation, interpretation and enforcement of this Order.

37.  <u>Binding Effect of Order</u>.   The terms of this Order shall be binding on any trustee

appointed under chapter 7 or chapter 11 of the Bankruptcy Code.

38.  <u>Entry of Order; Effect</u>.   This Order shall take effect immediately upon execution,

notwithstanding the possible application of Bankruptcy Rule 6004(g), 7062, 9014, or otherwise, and

the Clerk of the Court is hereby directed to enter this Order on the Court's docket in the Chapter 11

Case of Premium Protein Products, LLC, the lead case in these jointly administered proceedings.

Dated:  <u>November 18</u>, 2009


<u>/s/Thomas L. Saladino</u>
UNITED STATES BANKRUPTCY JUDGE


Prepared and submitted by:

**Robert V. Ginn (No. 15061)**
**Patrick R. Turner (No. 24361)**
**Husch Blackwell Sanders LLP**
1620 Dodge Street
Suite 2100
Omaha, Nebraska  68102
Tel. No. 402-964-5000
Fax No. 402-964-5050

| Accounts Payable | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Forecast | F | M | T | W | Th | F | M | T | W | Th |
| VENDORS | Amount | 11/13/2009 | 11/16/2009 | 11/17/2009 | 11/18/2009 | 11/19/2009 | 11/20/2009 | 11/23/2009 | 11/24/2009 | 11/25/2009 | 11/26/2009 |
| Hastings Utilities | $49,000.00 | $37,000.00 | | | | | | | | | |
| Lincoln Electrical | $20,500.00 | | $17,500.00 | | | | | | | | |
| Lincoln Water System | $1,700.00 | | $1,500.00 | | | | | | | | |
| Black Hills Energy | $0.00 | | | | | | | | | | |
| Aspen | $3,275.00 | | $3,275.00 | | | | | | | | |
| Neco | $4,500.00 | | $3,000.00 | | | | | | | | |
| Windstream | $2,000.00 | | $1,000.00 | | | | | | | | |
| Alltel | $800.00 | | $400.00 | | | | | | | | |
| ADP, Inc. | $600.00 | | $450.00 | | | | | | | | |
| AFCO | $36,000.00 | | $18,000.00 | | | | | | | | |
| Workers Comp and Auto | $0.00 | | | | | | | | | | |
| Accounting | $10,000.00 | | $5,000.00 | | | | | | | | |
| Liability, Property, etc. | $0.00 | | | | | | | | | | |
| Scott Lively | $30,000.00 | | $15,000.00 | | | | | | | | |
| Expense Reports | $8,283.00 | | $5,522.00 | | | | | | | | |
| Principal - Health Insurance | $0.00 | | | | | | | | | | |
| General Fire & Safety | $0.00 | | | | | | | | | | |
| Payroll | $67,107.00 | | $33,444.00 | | | | | $506.00 | | | |
| GRAND TOTALS | $233,765.00 | $37,000.00 | $104,091.00 | $0.00 | $0.00 | $0.00 | $0.00 | $506.00 | $0.00 | $0.00 | $0.00 |



EXHIBIT

A

| Accounts Payable | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | F | M | T | W | Th | F | M | T | W | Th | F | M | T |
| VENDORS | 11/27/2009 | 11/30/2009 | 12/1/2009 | 12/2/2009 | 12/3/2009 | 12/4/2009 | 12/7/2009 | 12/8/2009 | 12/9/2009 | 12/10/2009 | 12/11/2009 | 12/14/2009 | 12/15/2009 |
| Hastings Utilities | | | | | | | | | | | | | |
| Lincoln Electrical | | | | | | | | | | | | | |
| Lincoln Water System | | | | | | | | | | | | | |
| Black Hills Energy | | | | | | | | | | | | | |
| Aspen | | | | | | | | | | | | | |
| Neco | | | | | | | | | | | | | |
| Windstream | | $1,000.00 | | | | | | | | | | | |
| Alltel | | $400.00 | | | | | | | | | | | |
| ADP, Inc. | | $150.00 | | | | | | | | | | | |
| AFCO | | $18,000.00 | | | | | | | | | | | |
| Workers Comp and Auto | | | | | | | | | | | | | |
| Accounting | | | | | | | | | | | | | |
| Liability, Property, etc. | | | | | | | | | | | | | |
| Scott Lively | | $15,000.00 | | | | | | | | | | | |
| Expense Reports | | | | | | | | | | | | | |
| Principal  - Health Insurance | | | | | | | | | | | | | |
| General Fire & Safety | | | | | | | | | | | | | |
| Payroll | | $10,715.00 | | | | | $506.00 | | | | | | $10,715.00 |
| GRAND TOTALS | $0.00 | $45,265.00 | $0.00 | $0.00 | $0.00 | $0.00 | $506.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10,715.00 |

**Accounts Payable**

| VENDORS | W 12/16/2009 | Th 12/17/2009 | F 12/18/2009 | M 12/21/2009 | T 12/22/2009 | W 12/23/2009 | Th 12/24/2009 | F 12/25/2009 | M 12/28/2009 | T 12/29/2009 | W 12/30/2009 | Th 12/31/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hastings Utilities | $12,000.00 | | | | | | | | | | | |
| Lincoln Electrical | | $3,000.00 | | | | | | | | | | |
| Lincoln Water System | | $200.00 | | | | | | | | | | |
| Black Hills Energy | | | | | | | | | | | | |
| Aspen | | | | | | | | | | | | |
| Neco | | $1,500.00 | | | | | | | | | | |
| Windstream | | | | | | | | | | | | |
| Alltel | | | | | | | | | | | | |
| ADP, Inc. | | | | | | | | | | | | |
| AFCO | | | | | | | | | | | | |
| Workers Comp and Auto | | | | | | | | | | | | |
| Accounting | | $5,000.00 | | | | | | | | | | |
| Liability, Property, etc. | | | | | | | | | | | | |
| Scott Lively | | | | | | | | | | | | |
| Expense Reports | | $2,761.00 | | | | | | | | | | |
| Principal - Health Insurance | | | | | | | | | | | | |
| General Fire & Safety | | | | | | | | | | | | |
| Payroll | | | | | | $506.00 | | | | | | $10,715.00 |
| GRAND TOTALS | $12,000.00 | $12,461.00 | $0.00 | $0.00 | $0.00 | $506.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10,715.00 |

**Accounts Payable**

| VENDORS | F 1/1/2010 | Totals |
|---|---|---|
| Hastings Utilities | | $49,000.00 |
| Lincoln Electrical | | $20,500.00 |
| Lincoln Water System | | $1,700.00 |
| Black Hills Energy | | $0.00 |
| Aspen | | $3,275.00 |
| Neco | | $4,500.00 |
| Windstream | | $2,000.00 |
| Alltel | | $800.00 |
| ADP, Inc. | | $600.00 |
| AFCO | | $36,000.00 |
| Workers Comp and Auto | | $0.00 |
| Accounting | | |
| Liability, Property, etc. | | $0.00 |
| Scott Lively | | $30,000.00 |
| Expense Reports | | $8,283.00 |
| Principal  - Health Insurance | | $0.00 |
| General Fire & Safety | | $0.00 |
| Payroll | | $67,107.00 |
| **GRAND TOTALS** | $0.00 | $233,765.00 |